### MOELLER v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Fourth Department. November 20, 1900.)

MASTER AND SERVANT—ACTIONS FOR INJURIES—CONTRIBUTORY NEGLIGENCE—DISOBEDIENCE TO RULE.

Plaintiff's intestate was killed while, in company with a fellow servant, repairing a car belonging to defendant. It was the duty of intestate, under a rule of the company, to protect himself while in such work by placing a red flag at each end of the car. The failure to place flags was caused by the belief that the repairs would be completed so soon that it would be unnecessary. Intestate was a foreigner, slightly acquainted with the English language. He had been in defendant's service two years, and was informed of the rule. His fellow servant was familiar with the rule. There was also evidence that the company had printed its rules on the backs of its time-tables, which were kept for distribution, and were furnished to a large number of its employés. *Held*, that defendant's motion for a nonsuit in an action to recover damages should have been granted.

Appeal from trial term, Oneida county.

Action by Elizabeth Moeller, administratrix, against the Delaware, Lackawanna & Western Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

This case has been twice tried. Upon the first trial the plaintiff recovered a verdict, and the judgment entered thereon was reversed by this court. The case was again tried, and submitted to the jury, over the defendant's objection and exception, with the same result as upon the first trial. A motion was thereupon made for a new trial upon the minutes of the court, which was de-

nied; and from the order denying the same, as well as from the judgment thereafter entered, this appeal is brought.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

William Kernan, for appellant.
S. M. Lindsay, for respondent.

ADAMS, P. J.   The essential facts of this case so fully appear in the reported decision thereof upon the former appeal (13 App. Div. 467, 43 N. Y. Supp. 603) that it will be unnecessary to detail them with much particularity at the present time.   Suffice it to say that while, upon the last trial, the plaintiff's evidence as to the failure of the defendant to promulgate its rules or enforce their observance by its employés was somewhat strengthened, the fact nevertheless remains, and as to this there is and can be no dispute, that the rules adopted by the defendant were entirely reasonable, and well calculated to serve the purpose for which they were designed, viz. the protection of its servants who might be engaged in repairing cars while the same were standing upon either a main track or siding. Moreover, it further appears that these rules were printed upon the back of some 2,000 time-tables whenever new ones were issued; that, as thus printed, the time-tables were kept for distribution at the various shops and offices of the defendant; that they were actually furnished to a large number of its engineers, firemen, conductors, trainmen, trackmen, and other employés, and were obtainable by any employé desiring them; that the plaintiff's intestate, who at the time of his death had been in the service of the defendant about two years, was a foreigner, but slightly acquainted with the English language; that he was informed that there was such a rule, and saw it put into operation frequently when he was at work upon cars which stood upon the defendant's tracks; that Young, a witness called by the plaintiff, had become familiar with such a rule while in the service of other railroad companies, and assumed that the defendant had adopted and promulgated a similar one; that, acting upon this assumption, he had repeatedly protected himself in the manner required by the rule while in the defendant's service; that at the time of the accident he and Moeller were jointly engaged in making some slight repair to a car; that Young knew that, in order to conform to the rules of the company, it was the duty of either Moeller or himself to protect themselves by placing a red flag upon each end of the car upon which repairs were being made; that no flag was so placed by either of them, and that the only reason such precaution was omitted was because they supposed the repairs which they had undertaken to make could be completed within so short a space of time as to render the same unnecessary.   In view of these facts, the greater portion of which are practically undisputed, we do not see how the case differs materially from the one presented upon the former appeal; and the rule then established by this court, which seems to be in harmony with a decision of the court of appeals upon facts not unlike those of the present case (Cor-

coran v. Railroad Co., 126 N. Y. 673, 27 N. E. 1022), would conse-
quently have justified the learned trial justice in granting the de-
fendant's motion for a nonsuit. His failure so to do we think was
error which requires that a new trial should be granted.

Judgment and order reversed, and a new trial ordered, with costs
to the appellant to abide event. All concur.